UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK      Presentment Date: February 26, 2015
---------------------------------------------------------------X
IN RE:

Deborah Shea and Daniel Shea,                CHAPTER 7
                                                    Case No. 8-14-75142-ast

                  Debtors.                            NOTICE OF PRESENTMENT OF
---------------------------------------------------------------X   OF ORDER AVOIDING
                                                                   JUDGMENT LIENS

       PLEASE TAKE NOTICE, that Deborah Shea and Daniel Shea, the debtor herein, by their attorneys, The Law Office of Eric J. Stern, will present an Order, a true copy is attached hereto, to the Honorable Alan S. Trust, on February 26, 2015 pursuant to 11 U.S.C. Section 522 (f)(1)(B) and Bankruptcy Rules 4003 (d) and 9014 to seeking to avoid a judgment lien in favor of Flushing Savings Bank, FSB, and declaring the lien wholly unsecured and the liens void with such other, further and different relief as this Court deems just, proper and equitable.

       Objections to the proposed Order shall state with particularity the basis for the objection, shall be in writing and must be submitted to the Bankruptcy Court and comply with Local Rule 2002-1 (e) and served upon The Law Offices of Eric J. Stern, 163 Fourth Street, Hoboken, NJ 07030, not later than February 19, 2015. **Please be advised that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.**

Dated:  Hoboken, New Jersey
         January 21, 2015                     Respectfully Submitted,

                                                   /S/Eric J. Stern
                                                 ERIC J. STERN, ESQ. (3729)
                                                 LAW OFFICE OF ERIC J. STERN, P.C.
                                                 Attorneys for Debtor
                                                 Deborah Shea and Daniel Shea

                                      163 Fourth Street
                                      Hoboken, NJ 07030
                                      (201) 792-9070

TO: See Service List

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK       Presentment Date: February 26, 2015
-----------------------------------------------------------------X
IN RE:

Deborah Shea and Daniel Shea,                  CHAPTER 7
                                                                        Case No. 8-14-75142-ast

              Debtors.  _____        **AFFIRMATION**
-----------------------------------------------------------------X

ERIC J. STERN, an attorney duly admitted to practice before this Court affirms the following under penalty of perjury:

1.       I am a member of the Law Office of Eric J. Stern, P.C.. Our firm is bankruptcy counsel to Deborah Shea and Daniel Shea, the Debtors in the above proceeding. I submit this affirmation in support of the debtor's motion by notice of presentment for an order declaring certain judgment liens as wholly unsecured and the liens void.

2.       The rules relating to E.D.N.Y. Local Bankruptcy Rule 9013-1(g) sets forth the requirements of motions to avoid liens. The Rules states:

> "Motions seeking relief pursuant to Bankruptcy Code § 522(f) shall be supported by an affidavit or affirmation stating:
>
> (i) the date of filing of the bankruptcy petition;
>
> (ii) a description of the judgments to be avoided (e.g., name of judgment holder, date and place of docketing of the judgment, amount of judgment);
>
> (iii) the amount of each lien on the property (including all mortgages); and
>
> (iv) the amount of the exemption claimed by the debtor.
>
> Such motion shall also be supported by evidence showing the fair market value of the property as of the date of the filing of the bankruptcy petition; copies of tax assessments or a statement by a debtor or counsel regarding the value of the property

> are not sufficient. Copies of relevant documents must also be annexed as exhibits, including, e.g., the lien search from the County Clerk's office and pay-off statements from the mortgage holders."

I believe each of these issues is fully addressed in the following paragraphs.

3.  On November 14, 2014, (the "Filing Date"), Deborah Shea and Daniel Shea, (herein "the debtor", filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

4.  The debtors are Husband and Wife and they the sole owners of real property known as 137 Woodland Street, East Islip, New York 11730. On the bankruptcy filing I had called it a Joint-Tenancy, however the correct designation in New York would be **"tenants by the entirety"**.   There are no non-debtor co-owners with an interest in the property. The debtors own 100% of the equity in the property.

5.  The property owned by the debtors at is 137 Woodland Street, East Islip, New York 11730. described as Section 348.00 -01.00, Bock 018.000, and Lots 164 and 165 otherwise known as Tax Map Number 0500 348.00 01.00 018.000 in the Suffolk County Tax Map ("the property").

6.  We are attaching hereto evidence showing the fair market value of the property at 137 Woodland Street, East Islip, New York 11730, as of the date of the filing of the bankruptcy petition, is between $425,000.00 to $447,500.00. Annexed hereto as Exhibit "A" is a copy of a Comparable Market Analysis of October 15, 2014 from Coldwell Banker with seven comparable homes indicated.

7.  As of the date of filing, the Property was encumbered by one mortgage. The first mortgage, held by Ocwen Loan Servicing in the sum of $189,012.44 as set forth in the attached statement of December 12, 2014 (A Statement showing the payoff amount required as of the date of the filing is attached hereto as Exhibit "B").

8.  The following Judgment liens have been entered against the debtors:

    a.    Flushing Savings Bank, FSB v. Daniel Shea, Deborah Shea, et., al., recorded with the Clerk of Suffolk County, State of New York, on March 11, 2014, in the amount of $309,028.50 Index Number 23346/10. (A copy of the judgment indicating the post-foreclosure deficiency balance, is attached hereto as Exhibit "C").

A copy of this application is being served upon the creditors at the addresses indicted on the Judgments and their attorneys of record on the judgment docket. A lien search was run on Suffolk County's web-site, but no other liens against the debtor were indicated.

9.    The debtors claimed a Homestead exemption pursuant to NYCPLR § 5206. As the debtors live in Suffolk County they were entitled to take an exemption of up to $300,000.00 for their homestead.

10.    When filing the bankruptcy, I took the highest known value for the property which I had available on the date of the filing. That highest estimated value for the home was $447,500.00 on the attached report. Since the payoff of the mortgage on the property was $189,012.44 as of the date of the filing and the maximum value for the property indicated by the report is $447,500.00 there was approximately $258,487.56 in equity for the debtor at the time of the filing. I intentionally took an exemption of $300,000.00 in order to make it clear that the entitled to an exemption sufficient to exempt all the equity in the property net of the non-avoidable liens. My approach was to take into account the most generous reading of the available facts that could be given to the adversely effected creditors. All available evidence shows that the equity in the property is clearly less than the $300,000.00 stated on schedule C. No objection having been filed to the exemptions taken by the Trustee or any party in interest. As such it is clear that there is no non-exempt equity in the property to secure the liens the debtor is seeking to avoid. The existence of the lien impairs the exemptions that Debtor(s) are entitled

under 11 U.S.C. §522(d) and CPLR §5206 and should be avoided.

**WHEREFORE,** the debtors respectfully request that this Court grant an Order providing for the following relief:

1)    Directing the Clerk of Suffolk County, New York to cancel and discharge the judgment lien in favor of Flushing Savings Bank, FSB; and

2)    Granting Debtors such other and further relief as the Court deems just and proper.

Dated: Hoboken, New Jersey
January 21, 2015                              Respectfully Submitted,

/S/Eric J. Stern
ERIC J. STERN, ESQ. (3729)
LAW OFFICE OF ERIC J. STERN, P.C.
Attorneys for Debtors
Deborah Shea and Daniel Shea
163 Fourth Street
Hoboken, NJ 07030
(201) 792-9070