UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                   Case No.: 14-75142-ast

Deborah Shea and Daniel Shea,               Chapter 7


                                     Debtors.
-----------------------------------------------------------X

## DECISION AND ORDER GRANTING MOTION TO AVOID BUSINESS PROPERTY MORTGAGE DEFICIENCY JUDICIAL LIEN

*Factual background*

The debtors, Deborah Shea and Daniel Shea, ("Debtors"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 14, 2014 (the "Petition Date"). On January 21, 2015, Debtors filed and served a motion pursuant to 11 U.S.C. § 522(f)(1)(A)[1] (the "Motion"), seeking to avoid a certain judicial lien against their residence known as 137 Woodland Street, East Islip, New York 11730 (the "Residence"). [dkt item 11] The Motion alleges that the Property was worth between $425,000 and $447,500 as of the Petition Date (supported by an attached comparative market analysis), and was encumbered by a first mortgage with an outstanding balance of approximately $189,012.44 held by Ocwen Loan Servicing (supported by an attached loan statement). The Motion further provides that Debtors actually claimed a homestead exemption pursuant to N.Y.C.P.L.R. § 5206 in the amount of $300,000.00 for their Residence (supported by Schedule C filed on the Petition Date). Debtors seek to avoid a judgment lien held by Flushing Savings Bank, FSB ("Flushing") arising from a

---

[1] Section 522(f) provides:
"(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)."

foreclosure action on business property previously owned by Debtors, which resulted in a $309,028.50 post-foreclosure deficiency judgment (the "Judgment"). Debtors argue that the lien against their Residence arising from the Judgment impairs their homestead exemption.

Flushing did not object to the Motion.

On March 3, 2015, the Court requested that a brief be filed regarding the applicability of § 522(f)(2)(C) of the Bankruptcy Code to the Motion.

Debtors timely filed a post-hearing brief. [dkt item 15]

Again, Flushing neither objected nor replied.

*Legal analysis*

This Court has held on numerous occasions that, in order for a debtor to avoid a judicial lien under § 522(f), the debtor must (1) actually claim a homestead exemption in the property in an amount certain, (2) correctly state the amount actually claimed on Schedule C in the motion, and (3) claim a homestead exemption sufficient to exempt all equity in the property net of non-avoidable liens. *See e.g. In re Schneider,* 2013 WL 5979756, at *11-13 (Bankr. E.D.N.Y. Nov. 8, 2013).[2] This Court's Local Bankruptcy Rule, L.B.R. 9013-1(g) provides that a § 522(f) motion must "be supported by evidence of the fair market value of the property as of the date of the filing of the bankruptcy petition." The operative date for the fair market value of the property at issue is the petition date. *In re Meza*, 2015 Bankr. LEXIS 503, at *2 (Bankr. E.D.N.Y. Feb. 19, 2015) (citing 11 U.S.C. § 522(a)(2); *In re Wilding*, 475 F.3d 428, 432-433 (1st Cir. 2007)). Debtors have satisfied each of these criteria.

---

[2] *See also In re Coppola*, 2013 WL 3794098, at *2 (Bankr. E.D.N.Y. July 18, 2013); *In re Moltisanti*, 2012 WL 5246509, at *3-5 (Bankr. E.D.N.Y. Oct. 24, 2012).

This Court cannot grant a debtor affirmative relief, even in the absence of opposition, unless the debtor has established a *prima facie* basis for the relief sought in the Motion. *See e.g. Schneider*, 2013 WL 5979756, at *3. The question here is whether Debtors may utilize § 522(f) at all, given that § 522(f)(2)(C) provides that "[t]his paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." This Court concludes Debtors may, because § 522(f)(2)(C) protects the judgment for foreclosure of the mortgage lien from avoidance, but not any judgment lien that may arise from a deficiency judgment entered in or after a mortgage foreclosure action has been commenced.

This Court's analysis necessarily begins by looking to the language of the statute itself to determine if the statute is plain or ambiguous. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989); *see also In re Miller*, 462 B.R. 421, 429 (Bankr. E.D.N.Y. 2011). "[I]n determining plainness or ambiguity, courts are directed to look 'to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *In re Phillips*, 485 B.R. 53, 56 (Bankr. E.D.N.Y. 2012) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). If the statutory language is clear, a court's analysis must end there. *Hartford Underwriters Ins. Co. v. Union Planters Bank, Nat'l Ass'n*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.").

Section 522(f) allows for the avoidance of a judicial lien. Congress provided a specific definition of "judicial lien" in § 101(36), as follows:

(36) The term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

Congress also provided a specific definition of "lien" in §101(37):

> The term "lien" means charge against or interest in property to secure payment of a debt or performance of an obligation.

The plain meaning of § 522(f), when read in the context of these definitions, is that the "judgment arising out of a mortgage foreclosure" referenced in § 522(f)(2)(C) is the judgment allowing for a foreclosure of the lien that existed prior to the judgment being entered; said otherwise, the mortgagee holds a lien as a matter of contract "to secure payment of a debt or performance of an obligation" which can be judicially enforced, whereas a judicial lien arising from a mortgage deficiency obligation is only obtained via entry of a judgment.

Judge Bucki of the United States Bankruptcy Court for the Western District of New York addressed this issue in *In re Smith*, 270 B.R. 557 (Bankr. W.D.N.Y. 2001); namely, whether the court could grant the debtors' motion to avoid a judgment lien held by Savings Bank of Utica ("SBU") for "a deficiency in a foreclosure proceeding, although with respect to property other than the homestead."[3]  SBU had objected, arguing, *inter alia*, that § 522(f)(2)(C) "precludes any avoidance of a deficiency judgment" arising from a mortgage foreclosure. *Id.* at 560.  The court overruled the objection, after analyzing both New York law and Section 522(f).  The *Smith* court specifically found that under state law, "the deficiency judgment is not a relief of foreclosure, but

---

[3] The *Smith* court described SBU's judgment as follows: "[t]he judgment lien of The Savings Bank of Utica is for a deficiency that resulted from the foreclosure of a mortgage that encumbered property at 160 Beryl Drive in the town of Cheektowaga. Pursuant to a judgment of foreclosure and sale, the referee sold the Beryl Drive property on October 24, 2000, for a sum less than the secured indebtedness. Based on this outcome, The Savings Bank of Utica obtained a deficiency judgment in the amount of $ 32,263.86, and caused that judgment to be docketed in the real property records of Erie County, New York. Thus, the deficiency claim acquired the status of a judgment lien on all of the debtors' real property in the county, including their homestead. Seeking to avoid that lien, the debtors filed the present motion for relief under section 522(f)." 270 B.R. at 559. The Smith debtors were owners of a homestead at 10899 Matteson Corners Road in Holland, New York. *Id.* at 558.

a remedy that is ancillary to the foreclosure" and that "the equitable relief of foreclosure continues to be distinguishable from a deficiency judgment, with its origin as an action at law." *Smith*, 270 B.R. at 561, *citing Reichert v. Stilwell,* 172 N.Y. 83, 89 (N.Y. Ct. App. 1902) ("an action to foreclose a mortgage is not an action to recover the mortgage debt from the mortgagor personally, but to collect it out of the land by enforcing the lien of the mortgage"). *See also In re Ebadi,* 448 B.R. 308, 315 (Bankr. E.D.N.Y. 2011) (noting that because a foreclosure sale "is a substantial step in a process that could lead to recovery of a deficiency judgment from Debtor, it falls within the contours of 'any act to collect, assess, or recover a claim against the debtor,' which is prohibited by the automatic stay under Section 362(a)(6) of the Code.").

Thus, the *Smith* court concluded that § 522(f)(2)(C) precludes avoidance of the judgment lien that allows the mortgagee to foreclose its lien, but does not render any deficiency judgment that arises incident to a foreclosure action immune to § 522(f) avoidance. *Smith*, 270 B.R. at 561-562. *See generally In re Liberman,* 244 B.R. 557 (E.D.N.Y. 2000) (affirming, *inter alia*, bankruptcy court's denial of a lien avoidance motion seeking to avoid the judgment lien created by a mortgage lien foreclosure action); *In re Onyan,* 163 B.R. 21, 25 (N.D.N.Y. 1993) (debtor could not use § 522(f) to protect his homestead exemption of N.Y.C.P.L.R. 5206 and defeat the claim of a creditor foreclosing on a first or second mortgage on the property); *but see In re Criscuolo,* 386 BR 389, 393-394 (Bankr. Conn. 2008) (Section 522(f)(2)(C) operates to exclude a lien securing a deficiency judgment arising from a Connecticut mortgage foreclosure from avoidance); *In re Vincent*, 260 B.R. 617, 622 n.3 (Bankr. Conn. 2000) (same, noting that in Connecticut "a deficiency judgment is part and parcel of a mortgage foreclosure action" and "no instate person may be held liable on the underlying mortgage obligation *after* the foreclosure action unless she has been named as a party to the foreclosure action") (italics in original).

Based on the foregoing, the Court finds and concludes that § 522(f)(2)(C) is not applicable to Flushing's Judgment, and that Debtors are entitled to avoid the Judgment lien.

Accordingly, it is hereby

**ORDERED**, that Debtors' Motion is GRANTED; and it is further

**ORDERED**, the following judicial lien shall be vacated, expunged, and avoided as a lien of record against the Residence:

    a.    Flushing Savings Bank, FSB v. Daniel Shea, Deborah Shea, et. al., recorded with the Clerk of Suffolk County, State of New York, on March 11, 2014, in the amount of $309,028.50 Index Number 23346/10;

and it is further

**ORDERED**, the Clerk of Suffolk County shall be directed to index and record a certified copy of this Order as an instrument vacating, expunging and avoiding the aforementioned judicial lien against Debtors' real property located at 137 Woodland Street, East Islip, New York 11730.



Dated: July 2, 2015
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**